UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ILDA STEEN, JACEY CALDWELL, JAILEIGH DOZIER and ANTONIO URIAS | § § § § § § § § § | CIVIL ACTION NO. 3:23-cv-00072 |
| *Plaintiff* | | JURY DEMANDED |
| vs. | | |
| MAIDS IN THE USA, CLYDE MOSS and KANDRA MOSS | | |
| *Defendants* | | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

I. SUMMARY

1. Ilda Steen, Jacey Caldwell, Jaileigh Dozier and Antonio Urias ("Plaintiffs") bring this action against Maids in the USA, Clyde Moss and Kandra Moss ("Defendants") for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq*.

II. THE PARTIES, JURISDICTION AND VENUE

2. Plaintiffs are former employees of Defendants who performed employment duties for Defendant in Brazoria County, Texas.

3. Defendants do business in the Southern District of Texas, Galveston Division.

4. Defendant Maids in the USA may be served through its owners, Clyde Moss and Kandra Moss at 95 Blue Jay Court, Richwood, Texas 77566, or wherever they may be found.

5. Clyde Moss may be served in his individual capacity at 95 Blue Jay Court, Richwood, Texas 77566, or wherever he may be found.

6. Kandra Moss may be served in her individual capacity at 95 Blue Jay Court, Richwood, Texas 77566, or wherever she may be found.

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

1

the action involves a federal question under the FLSA.

8.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) because Defendants do business in Brazoria County, Texas which is in the Southern District of Texas-Galveston Division. Moreover, this judicial district is where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

### III.   THE FACTS

9.  Defendants are in the janitorial, commercial and residential cleaning business. Their business is an enterprise for FLSA coverage purposes. Their employees handled a wide variety of materials and goods that have moved in interstate commerce including but not limited to janitorial equipment and cleaning supplies that were necessary for the performance of their employment duties.

10. Plaintiffs were also individually covered employees under the FLSA whose work involved interstate commerce while employed for Defendants. In this connection, Plaintiffs routinely, regularly and on a weekly basis, and as part of their employment duties with Defendants performed janitorial and commercial cleaning work in buildings and structures including but not limited to apartment complex units, beach house rentals and other short-term rental establishments that serviced out-of-state customers and clientele for the local petrochemical industries and related businesses. Furthermore, Plaintiffs regularly provided closely related and directly essential janitorial and commercial cleaning duties for businesses engaged in the production of goods in and for interstate commerce including but not limited to performing said duties in a facility that produces written residential appraisals and reports used in and for interstate commerce, performing said duties in a facility that produces mechanical engineering plans to be used in and for interstate commerce and a facility that produces filtrated water and related water filtration equipment used

in and for interstate commerce and whose products are in the continuous stream of interstate commerce.

11. Upon information and belief, Defendants' annual gross revenues exceed $500,000.00.

12. Plaintiffs were employed by Defendants within the past 3 years from the date of the filing of this Complaint.

13. During the relevant time period Plaintiffs were employed by Defendants as "Housekeepers/Maids".

14. An employee-employer relationship existed between Plaintiffs and Defendants. Defendants controlled the details of Plaintiffs' employment duties, Plaintiffs' work assignments, work schedules and rates of pay. The janitorial and commercial cleaning employment duties performed by Plaintiffs for Defendants are the core part of Defendants' regular business. Defendants admit that Plaintiff Steen was an employee of Defendants. Exhibit "A". All Plaintiffs were similarly situated to Plaintiff Steen in all respects with regard to their employment duties and employment relationships to Defendants.

15. Plaintiffs regularly worked substantial hours for Defendants well in excess of forty (40) hours per week. Plaintiffs generally averaged approximately forty-five (45) hours or more per week.

16. During Plaintiffs' employment with Defendants, Plaintiffs worked numerous hours and performed employment duties for which Plaintiffs were not paid the appropriate and legally required overtime wages under the FLSA. Said duties were for the benefit of the Defendants and Plaintiffs were required to perform those duties. Defendants continuously failed and/or refused to pay Plaintiffs the overtime wages for the hours Plaintiffs worked in excess of forty (40) in a workweek although they were legally required to do so under the FLSA.

17. Rather, Defendants paid Plaintiffs a straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law.

18. In this connection, payment of straight-time wages to hourly workers for overtime hours worked (as is the case here) constitutes a willful violation of the FLSA as a matter of law. See *Reich v. Waldbaum, Inc*., 52 F.3d 35, 41 (2nd Cir. 1995); *Brown v. L & P Industries, LLC*, 2005 WL 3503637 at *10-11 (E.D.Ark. 2005); *Hardrick v. Airway Freight Sys., Inc*., 63 F.Supp.2d 898, 904 (N.D.Ill. 1999)("[U]nder the FLSA, if a covered hourly employee (such as Plaintiff(s)) works more than forty hours in a given workweek, such employee(s), per se, must be paid a rate not less than one and one-half times his regular rate of pay.") (citation omitted).

19. Defendants' illegal scheme and policy affects Plaintiffs and other similarly situated current and former employees of Defendants.

20. Plaintiffs are not legally exempt from receiving overtime wages under the FLSA or any United States Department of Labor regulation and no overtime exemption is applicable in this lawsuit.

21. Defendants Clyde Moss and Kandra Moss have a significant ownership interest with operation control of significant aspects of Defendant Maids in the USA's business dealings and financial affairs including the authorization and control over the hours worked and wages paid to Plaintiffs. *See Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999) (approving jury instruction that individuals were liable if they had a "significant ownership interest with operation control of significant aspects of the corporation's day-to-day functions"). *Lamonica v. Safe Hurricane Shutters*, 711 F.3d 1299 (11th Cir. 2013) (FLSA contemplates the imposition of individual liability upon those who control a corporation's day to day functions, including its financial affairs). *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142 (3rd Cir. 2014) ("Aside from the

corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute "joint employers" for purposes of liability under the FLSA."). *See also*, *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir.1984) (holding that a hotel corporation and its president were joint employers for the purposes of the FLSA.).

22. Upon information and belief, Defendants attempted to create a subterfuge regarding Plaintiffs' employment status by classifying Plaintiffs as independent contractors. In this connection, it is asserted that Defendants attempted to avoid their obligations and responsibilities as an "employer" under federal and state law, including the FLSA, by intentionally and falsely classifying Plaintiffs as independent contractors. At all times material hereto, Plaintiffs assert that based on the parties' relationship during the relevant time period, Defendants were their employers and an employee-employer relationship existed between the parties.

## IV.    CAUSE OF ACTION

23. Plaintiffs incorporate the preceding paragraphs by reference. Defendants did not pay Plaintiffs the legally required overtime wages for all hours worked in excess of forty (40) in a workweek. In this regard, Defendants acted willfully or with reckless disregard as to whether its pay practices, scheme or policy complied with the FLSA.

24. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. The Defendants have failed to do so.

25. Defendants' willful failure to pay Plaintiffs the legally required overtime wages for the weeks in which they worked in excess of forty (40) hours violates the FLSA.

26. Defendants are liable to Plaintiffs for unpaid overtime wages.

27. Defendants are liable to Plaintiffs for an equal amount of their unpaid overtime wages as liquidated damages.

28. Plaintiffs are also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

V.   J<span style="font-variant:small-caps">ury</span> D<span style="font-variant:small-caps">emand</span>

29. Plaintiffs demand a trial by jury.

VI.   P<span style="font-variant:small-caps">rayer</span>

Plaintiffs respectfully requests judgment in their favor awarding:

30. Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek;

31. An equal amount as liquidated damages;

32. Reasonable attorney's fees, costs and litigation expenses;

33. Post judgment interest at the highest rate allowed by law; and

34. Such other and further relief as may be permitted or required by law.

        Respectfully submitted,

        By:  /s/ Clark Woodson III
            CLARK WOODSON III
            601 East Myrtle
            Angleton, Texas 77515
            (979) 849-6080
            (832) 202-2809
            clark@woodsonlaborlaw.com
            State Bar No. 00794880
            S.D. Tex. No. 21481
            **Attorney for Plaintiffs**