IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Ilda Steen, et al | § | CIVIL ACTION NO. 3:23-cv-00072 |
| | § | |
| vs. | § | |
| | § | |
| Clyde Moss, et al      . | § | JURY REQUESTED |

### DEFENDANTS' FIRST AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Clyde Moss and Kandra Moss, Defendants herein, and files this Motion to dismiss, and would show as follows:

I/
**SUMMARY**

Plaintiff does not plead sufficient facts to assert a plausible cause of action under the FSLA. Defendant mailed a letter conferring upon the expected motion on May 3, 2023 (Exhibit 1). The U.S. Postal Service shows that the letter was received on May 5, 2023 (Exhibit 2). Plaintiff re-plead on May 22nd without adding any facts, Plaintiff pleads only conclusory allegations and fails to supply facts in support of their claims.

II.
**LEGAL STANDARDS**

The Federal Rules of Civil Procedure provide that a court must grant a motion to dismiss if a complaint fails to assert a claim for which relief may be granted. FED. R. CIV. Pro. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id*. at 1950. Although detailed factual allegations are not necessarily required to support asserted legal claims, the federal pleading requirements demand more than bald legal conclusions that a defendant acted unlawfully towards the plaintiff. *Twombly*, 550 U.S. at 555.

### III.
### ARGUMENT AND AUTHORITIES

To successfully plead a claim under the FLSA, a plaintiff must plausibly allege: (1) the existence of an employer–employee relationship during the relevant time; (2) that the plaintiff's job responsibilities were covered by the FLSA (i.e., connected to interstate commerce); (3) "that the employer violated the FLSA's [minimum or] overtime-wage requirements"; and (4) the amount of pay due. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). *Brinkley v. Timco Logistics Sys., LLC,* Not reported in F. Supp. 3d, 2022 WL 17291453, at *2 (S.D. Tex.  Galveston 2022).

1. Plaintiff fails to plead sufficient facts to present a *prima facie* or plausible theory on the existence of the employer-employee relationship. Plaintiff merely alleges that "Plaintiffs were also individually covered employees…" This bare allegation does not

provide sufficient facts to support that relationship.

The undated letter attached to Plaintiff's First Amended Petition does not conclusively prove that Plaintiff Steen was an employee within the last three years as alleged.

The United States Supreme Court confronted the same definition as used in the FSLA (…the term "employee" means any individual employed by an employer." 29 USCA, Sec. 203(e)), under Title VII. ("an individual employed by an employer." 42 U.S.C. § 2000e(f)). The Supreme Court has noted that this definition "is completely circular and explains nothing." *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (describing same definition under ERISA). "Recognizing the circularity in such a definition, the Supreme Court explained that 'when Congress has used the term 'employee' without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine.' " *Arbaugh v. Y & H Corp.,* 380 F.3d 219, 226 (5th Cir.2004) *rev'd on other grounds by* 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (quoting *Darden,* 503 U.S. at 322–23, 112 S.Ct. 1344). The Supreme Court has stated,

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work

is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Darden,* 503 U.S. at 323–24, 112 S.Ct. 1344 (quoting *Cmty. for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–52, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)) (other citation omitted) *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013).

Plaintiffs have alleged no facts that would qualify the relationship as a master-servant/agency.

2. Plaintiff has not plead sufficient facts to raise a *prima facie*/plausible claim for an involvement in interstate commerce. Plaintiffs allege "…employees handled a wide variety of materials and goods that have moved in interstate commerce including but not limited to janitorial equipment and cleaning supplies",  and "…performed janitorial and commercial cleaning work in buildings and structures including but not limited to apartment complex units, beach house rentals, and other short-term rental establishment that serviced out-of-stat customers and clientele for the local petrochemical industries and related businesses."

To adequately allege the interstate commerce element, Plaintiffs must sufficiently plead either *individual* or *enterprise* coverage. *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)(citing 29 U.S.C. § 207(a)(1)). *Individual* coverage exists if the employee "is engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 207(a)(1), which can be determined by inquiring "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local

4

activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)(quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). "Work that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010).

There is no allegation, and no facts to support an allegation that Defendants do business across state lines.

Since Defendants run a service business, they don't produce any products that could be in interstate commerce.

*Enterprise* coverage, in turn, exists where the employee is employed by "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). To plead enterprise coverage, "Plaintiffs need only plausibly allege that they handled goods or materials that had at some point travelled interstate." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 787 (5th Cir. 2020). Under the FLSA, a business is an enterprise if it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" **and** the business's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)–(ii). *Brinkley v. Timco Logistics Sys., LLC*, Not reported in F. Supp 3d., 2022 WL 17291453, at *3 (S.D. Tex. - Galveston 2022).

The Plaintiffs state no facts to support that the annual gross sales of Defendants is over $500,000. Plaintiffs conclusory allegation that "Upon information and belief…"

5

states no basis for such belief. Without factual support the *ipse dixit* of the Plaintiffs is not plausible.

The Plaintiffs do not allege that the Defendants purchased janitorial equipment and cleaning supplies.

The allegation that the properties that were cleaned, were rented by other persons, to person who may occasionally be from out of state, does not implicate the Defendants. Defendants were in the business of cleaning, not leasing.

4. Plaintiffs' pleadings are entirely absent of any allegation of what amount was paid, and what amount may be due. The conclusory allegation that "Defendants did not pay Plaintiffs the legally required overtime wages for all hours worked…" does not give any information upon which to plausibly believe that it could be true. Damages are a necessary element of pleading. Fed. R. Civ. Pro, Rule 8.

A conclusory recitation of damages, fees, and costs is not enough to state a claim. *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (to withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting *Twombly*, 550 U.S. at 555); *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("any attorney's fees incurred by plaintiffs are insufficient to meet the requirement that they suffered actual damages as a result of defendant's alleged violations."). *Doyle v. Nationstar Mortg., LLC*, Not reported in F. Supp 3d, 2021 WL 2457732, at *4 (S.D. Tex. - Houston, 2021).

5. Plaintiffs pleadings are entirely absent of any factual allegations concerning

willful violation. The bare allegation that "Defendants continuously failed and/or refused to pay…" does not state facts that would support a willful violation of the FLSA.

To prove a willful violation of the FLSA within the meaning of § 255(a), it must be established "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988); It follows that "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation, ... its action ... should not be ... considered [willful]." *McLaughlin,* 486 U.S. at 135 n. 13, 108 S.Ct. at 1682 n. 13. *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995). Willfulness is more than mere negligence and "is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.' *Jackson v. R&A Towing, LLC*, No. 4:21-CV-0618, 2023 WL 2433977, at *8 (S.D. Tex. - Houston, 2023).

Hence there is insufficient facts plead from which to plausibly conclude that the Defendants would be liable under the FSLA.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Cause be dismissed.

Respectfully Submitted,

__/s/ Savannah Robinson___
Savannah Robinson
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922

7

>1822 Main
>Danbury, TX 77534
>fax: 979-922-8857
>savannahrobinson@aol.com

## ATTACHMENTS

Exhibit 1 - Local Rule 6. Letter
Exhibit 2 - USPS tracking of Exhibit 1

## VERIFICATION

    I hereby certify, upon pain of perjury, that the above referenced exhibits are true and correct copies of the originals.

>__/s/ Savannah Robinson___
>Savannah Robinson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by e-service (PACER), pursuant to the Federal Rules of Civil Procedure, on the following persons, on this the _24th_ day of _May_, 2023.

Clark Woodson, III
601 E. Myrtle
Angleton, TX  77515
e-serve: clark@woodsonlaborlaw.com

>__/s/ Savannah Robinson_____
>Savannah Robinson