UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ILDA STEEN, JACEY CALDWELL, JAILEIGH DOZIER and ANTONIO URIAS | § § § | CIVIL ACTION NO. 3:23-cv-00072 |
| *Plaintiffs* | § | JURY DEMANDED |
| vs. | § § | |
| MAIDS IN THE USA, CLYDE MOSS and KANDRA MOSS | § § | |
| *Defendants* | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Plaintiffs file this Response to Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. No. 11) and respectfully show the Court the following:

I. PLAINTIFFS PROPERLY PLEAD A PRIMA FACIE OVERTIME-PAY CLAIM UNDER 29 U.S.C. § 207(a)(1).

To state a *prima facie* overtime-pay claim under 29 U.S.C. § 207(a)(1), a plaintiff must plausibly allege: (1) that an employer-employee relationship existed during the time that she worked in excess of forty hours per week; (2) that she engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due. *E.g.*, *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (collecting cases); *See also*, *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must prove the plaintiff's grounds for entitlement to relief—including factual allegations in a complaint that when assumed to be true raise a right to relief above the speculative level." *Id.* at 307. The court must "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *Id.* at 306-07.

Defendants cite *White* in their Motion. (Doc. No. 11 at III). However, a closer reading of the Court's ruling regarding the facts the plaintiff pled in *White* actually support Plaintiffs' position that they properly pled a *prima facie* case of an overtime-pay claim under 29 U.S.C. § 207(a)(1). The Court found with regard to plaintiff White's pleading:

> "White's complaint meets these requirements. First, White alleges that she worked for USC as an extradition officer from June 2018 to January 2019 and that during her employment, she 'regularly' worked in excess of forty hours per week. Second, she alleges that she engaged in activities covered by the FLSA, specifically, that she 'engaged in commerce' in her job with USC because she transported prisoners between prisons and other facilities 'in passenger vans weighing less than 10,001 pounds.' *See* 29 U.S.C. § 207(a)(1); *see also Carley v. Crest Pumping Techns., L.L.C.,* 890 F.3d 575, 579-82 (5th Cir. 2018) (clarifying that the MCA exemption does not apply to certain employees who operate motor vehicles weighing less than 10,001 pounds). Lastly, White alleges that she and other similarly-situated employees were paid on an hourly basis but that she was 'paid for her overtime at a rate less than one and one-half times the regular rate at which she was [] employed in violation of the FLSA.' Crediting her complaint's allegations most favorably to her, as we must in weighing a Rule 12(b)(6) motion, White thus plausibly pled a prima facie claim for relief under the FLSA."

Tracking the analysis of *White,* the Court can discern that Plaintiffs' pleadings of an FLSA ("Fair Labor Standards Act") overtime claim are almost identical to the successful pleadings of the plaintiff in *White*. First, Plaintiffs allege they were employed by Defendants as Housekeeper/Maids within 3 years of the date they filed their Complaint, performed required employment duties for the benefit of Defendants and that during their employment they regularly worked substantial hours for Defendants well in excess of forty (40) hours per week generally averaging approximately forty-five (45) hours or more per week. (Doc. No. 10, ¶¶ 12, 13, 15, 16). Second, Plaintiffs allege they were engaged in activities covered by the FLSA, specifically, that they were individually covered by the FLSA whose work involved interstate commerce when Plaintiffs allege that they routinely, regularly and on a weekly basis, and as part of their required employment duties for

Defendants performed janitorial and commercial cleaning work in buildings and structures including but not limited to apartment complex units, beach house rentals and other short-term rental establishments that serviced out-of-state customers and clientele for the local petrochemical industries and related businesses *and* Plaintiffs allege that they regularly performed janitorial and commercial cleaning duties in facilities that produced goods in and for interstate commerce. (Doc. No. 10, ¶ 10). Lastly, Plaintiffs allege Defendants paid a straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate. Plaintiffs further allege the FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. And, that Defendants have failed to do so. (Doc. No. 10, ¶¶ 17, 23, 24).

Crediting Plaintiffs' complaint allegations most favorably to them, it is clear Plaintiffs plausibly pled a *prima facie* claim for relief under the FLSA pursuant to *White*.

    A.    Plaintiffs plead sufficient facts to present a *prima facie* or plausible theory on the existence of an employer-employee relationship.

Defendants' allegation that Plaintiffs failed to plead sufficient facts to present a *prima facie* case or plausible theory on the existence of an employer-employee relationship is simply not accurate. (Doc. No. 11 at III, 1). Plaintiffs allege in their First Amended Complaint that Defendants are in the janitorial, commercial and residential cleaning business. (Doc. No. 10, ¶ 9). And, as stated above, Plaintiffs allege in their First Amended Complaint that Plaintiffs were employed by Defendants as Housekeeper/Maids, they performed employment duties for the benefit of the Defendants and Plaintiffs were required to perform those duties. (Doc. No. 10, ¶¶ 13, 16). Further, Plaintiffs allege they routinely, regularly and on a weekly basis, and as part of their employment duties with Defendants performed janitorial and commercial cleaning work in buildings and structures including

but not limited to apartment complex units, beach house rentals and other short-term rental establishments that serviced out-of-state customers and clientele for the local petrochemical industries and related businesses *and* Plaintiffs allege that they regularly performed janitorial and commercial cleaning duties in facilities that produced goods in and for interstate commerce. (Doc. No. 10, ¶ 10). In addition, Plaintiffs allege an employee-employer relationship existed between Plaintiffs and Defendants and Defendants controlled the details of Plaintiffs' employment duties, Plaintiffs' work assignments, work schedules and rates of pay. (Doc. No. 10, ¶ 14). Moreover, Plaintiffs allege the janitorial and commercial cleaning employment duties performed by Plaintiffs for Defendants are the core part of Defendants' regular business. *Id.* Plaintiffs also allege that Plaintiffs regularly worked substantial hours for Defendants well in excess of forty (40) hours per week generally working an average of approximately forty-five (45) hours or more per week. (Doc. No. 10, ¶ 15). Finally, although Defendants failed to compensate Plaintiffs in accordance with the FLSA as alleged by Plaintiffs in their Complaint (Doc. No. 10, ¶ 25), Plaintiffs have identified a method of compensation for their work by Defendants when they allege Defendants paid Plaintiffs a straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law. (Doc. No. 10, ¶ 16).

Crediting Plaintiffs' complaint allegations most favorably to them, it is clear Plaintiffs pled sufficient facts to present a *prima facie* or plausible theory on the existence of an employer-employee relationship. *See, Hoffman v. Cemex, Inc.,* No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (finding that simple allegations in an FLSA complaint were "all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief").

B.  Plaintiffs plead sufficient facts to raise a *prima facie*/plausible claim for an involvement in interstate commerce.

As stated above, Plaintiffs allege they were engaged in activities covered by the FLSA, specifically, that they were individually covered by the FLSA whose work involved interstate commerce when Plaintiffs allege they routinely, regularly and on a weekly basis, and as part of their employment duties for Defendants performed janitorial and commercial cleaning work in buildings and structures including but not limited to apartment complex units, beach house rentals and other short-term rental establishments that serviced out-of-state customers and clientele for the local petrochemical industries and related businesses. (Doc. No. 10, ¶ 10). Additionally, Plaintiffs allege that they regularly performed janitorial and commercial cleaning duties in facilities that produced goods in and for interstate commerce. *Id*. The Defendants' arguments that Plaintiffs are not engaged in interstate commerce because (1) Plaintiffs have not presented facts that Defendants do business across state lines (2) Defendants run a service business, they don't produce any products that could be in interstate commerce and (3) Defendants were in the business of cleaning, not leasing (Doc. No. 11 at III, 2) are purely misplaced. Courts have customarily held that employees in service businesses such as maintenance, custodial or waste removal are engaged in interstate commerce. *Schultz v. Instant Handling, Inc.*, 418 F.2d 1019, 1023 (5th Cir. 1969) illustrates how such service/custodial employees are engaged in interstate commerce when it noted in its opinion:

> ""Further, the work of defendants' employees was closely analogous to that of maintenance and custodial employees who have consistently been held covered by the Act [FLSA] on the ground that their services including the removal of trash — bear a close and essential relationship to the functioning of industrial plants or office buildings in which productive operations for commerce are carried on. *Kirschbaum Co. v. Walling*, 1942, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; *Borden Co. v. Borella,* 1945, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865; *Public Building Authority of City of*

*Birmingham v. Goldberg*, 5 Cir. 1962, 298 F.2d 367; *Nunn's Battery & Electric Co. v. Wirtz*, 5 Cir. 1964, 335 F.2d 599; *Allen v. Atlantic Realty Company*, 5 Cir. 1967, 384 F.2d 527, cert. den., 390 U.S. 989, 88 S.Ct. 1185, 19 L.Ed.2d 1294." *Id*.

"A building maintenance or ***custodial employee will be considered to be individually covered*** [under the FLSA] if as a regular and recurring part of their duties they serve those portions of the building occupied by a tenant engaged in that location in interstate commerce or the production of goods for interstate commerce. ***Such an employee will be individually covered***, as if he or she were employed by the tenant himself to perform the covered work." *See* Department of Labor Wage and Hour Division, Field Operations Handbook § 11b04(c) (2016) (Current as of May 27, 2023) (Emphasis added).

Contrary to Defendants' assertions it is not necessary for Defendants to produce a tangible product or for their employees, including Plaintiffs, to physically do cleaning business across state lines to be engaged in interstate commerce. Based on the foregoing authority, Plaintiffs plausibly plead facts that their required employment duties of providing janitorial and commercial cleaning services while employed by Defendants were in interstate commerce and they were individually covered under the FLSA.

   C. Defendants' allegation that Plaintiffs' pleadings are entirely absent of any allegation of what amount was paid, and what amount may be due is false.

Defendants' allegation that Plaintiffs' pleadings are entirely absent of any allegation of what amount was paid, and what amount may be due is false. (Doc. No. 11 at III, 4). As for the amount that was paid allegation, Plaintiffs allege Defendants paid Plaintiffs a straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law. (Doc. No. 10, ¶ 17). As for the amount that is due, Plaintiffs allege Defendants failed to pay them one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek as required by the FLSA. (Doc. No. 10, ¶¶ 23, 24). Plaintiffs further allege they generally averaged approximately forty-five (45) hours or more per week in overtime while

employed by Defendants. (Doc. No. 10, ¶ 15). Therefore, the amount that may be due and plainly identified for pleading purposes is the difference between the alleged illegal straight-time rate paid by Defendants for Plaintiffs' overtime and the federally required overtime rate of one-and-one-half times Plaintiffs' regular rates for hours over forty (40) in workweeks Defendants failed to pay pursuant the FLSA. *See*, *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020) ("Plaintiffs' allegations regarding the hours worked and approximate wages paid during certain time periods were sufficient to meet the pleading requirements"); *Acho v. Cort*, 2009 WL 3562472, at *2, 3 (N.D. Cal. Oct. 27, 2009) (denying motion to dismiss FLSA overtime claim based on plaintiff's allegation "that he worked more than forty hours per week and did not receive compensation for those overtime hours," noting that "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records.").

    D.    Plaintiffs plead facts of a willful FLSA violation by Defendants.

Defendants' allegation that Plaintiffs' pleadings are entirely absent of any factual allegations concerning a willful violation of the FLSA is inaccurate. (Doc. No. 11 at III, 5). First, Plaintiffs plead that Defendants engaged in an illegal scheme by paying Plaintiffs a straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law. (Doc. No. 10, ¶ 17, 19). Further, Plaintiffs cite authority that Defendants' illegal scheme and pay practices as described above constitute a willful violation of the FLSA as a matter of law. (Doc. No. 10, ¶ 18). *See*, *Burroughs v. MGC Services, Inc.*, 2009 WL 959961, at *5 (W.D. Pa. Apr. 7, 2009) (rejecting defendant's argument that allegations of willfulness were insufficient

because the complaint "fail[ed] to allege conduct which would support a claim of willfulness," and finding it appropriate to consider the issue later in the case.).

In light of the foregoing, Plaintiffs without a doubt plead and allege facts of Defendants' willful violations under the FLSA.

II.     CONCLUSION

In conclusion, as shown above, *all* of Plaintiffs' pleaded facts are sufficient and plausible to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Defendants' motion should be denied in its entirety.

Respectfully submitted,
By: /s/ Clark Woodson III
Clark Woodson III
State Bar No. 00794880
S.D. Bar No. 21481
601 East Myrtle
Angleton, Texas 77515
(979) 849-6080 Telephone
(832) 202-2809 Facsimile
clark@woodsonlaborlaw.com
**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on May 27, 2023, I electronically filed the foregoing with the Court by using the CM/ECF system which will send electronic notice of this filing to the following:

Savannah Robinson
1822 Main
Danbury, TX 77534

/s/ Clark Woodson III
Clark Woodson III
