United States District Court
Southern District of Texas
**ENTERED**
April 19, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ILDA STEEN, *et al.*, § § | |
| Plaintiffs. § § | |
| V. § | CIVIL ACTION NO. 3:23-cv-00072 |
| § § | |
| MAIDS IN THE USA, *et al.*, § § | |
| Defendants. § | |

## ORDER, MEMORANDUM & RECOMMENDATION

This is a Fair Labor Standards Act ("FLSA") case. Plaintiffs Ilda Steen ("Steen"), Jacey Caldwell, Jaileigh Dozier, and Antonio Urias (collectively, "Plaintiffs") allege they were not paid overtime wages as required by the FLSA. Pending before me are Defendants' Motion for Leave (Dkt. 27) and Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaims (Dkt. 36). For the reasons explained below, I **GRANT** Defendants' Motion for Leave, and recommend that summary judgment be **GRANTED** in favor of Plaintiffs on Defendants' counterclaims.

## DEFENDANTS' MOTION FOR LEAVE

Defendants Clyde Moss and Kandra Moss (collectively, "Defendants") have described their Motion for Leave as one for leave to amend their answer and assert counterclaims against Plaintiffs. Defendants assert that they want to "amend" their answer to bring three counterclaims: (1) any miscalculations in the amount of Steen's wages were improperly calculated by Steen; (2) violation of Texas Civil Practice and Remedies Code § 10.001; and (3) violation of Texas Civil Practice and Remedies Code § 9.011. There is just one problem: there is nothing to amend. Defendants have filed only one answer in this case, and that answer included the referenced counterclaims. *See* Dkt. 19. Defendants' Answer to First Amended

Petition [sic] and Counter-Claim, however, was filed more than three weeks late.[1] Thus, what Defendants are really asking for is leave to late file their answer and counterclaims in this case.

## A.  LEGAL STANDARD

When a deadline under the Federal Rules of Civil Procedure has passed, I "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The Supreme Court has articulated four non-exhaustive factors to consider when determining whether neglect was excusable: (1) "the danger of prejudice" to the opposing party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993); *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (reiterating the standard articulated in *Pioneer*). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances." *Nelson*, 17 F.4th at 525 (quotation omitted).

## B.  ANALYSIS

There is no prejudice to either party; nor have Defendants' late-filed answer and counterclaims prolonged the proceedings. In fact, Plaintiffs have already moved for summary judgment on Defendants' counterclaims. *See* Dkt. 36. As for the reason for the delay, Defendants' counsel states, with little explanation, that the delay "was due to the travel of counsel." Dkt. 27 at 1. This is a woefully insufficient explanation, but Plaintiffs do not actually oppose the late filing of the answer and counterclaims themselves—Plaintiffs simply challenge whether the

---

[1] On December 15, 2023, Judge Jeffrey V. Brown adopted my recommendation, *see* Dkt. 17, that Defendants' Motion to Dismiss be denied. *See* Dkt. 18. Defendants had 14 days after the entry of Judge Brown's order to file their answer. *See* FED. R. CIV. P. 12(a)(4)(A). Thus, Defendants' answer was due on December 29, 2023. Defendants did not file their answer until January 23, 2024, more than three weeks late.

counterclaims are proper in this case. *See* Dkt. 29. Defendants appear to have acted in good faith. Because Defendants' answer and counterclaims came due during the holiday season—and because Plaintiffs have not objected to the timeliness of Defendants' answer and counterclaims, and have already opposed the counterclaims contained within that answer—I will grant Defendants' Motion for Leave and allow Defendants' late-filed answer and counterclaims.[2]

### SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIMS

Although Plaintiffs have moved for summary judgment on Defendants' counterclaims, *see* Dkt. 36, I believe Defendants' counterclaims should be dismissed as a matter of law for reasons not raised by Plaintiffs.

Summary judgment is proper if there is no genuine dispute as to any material fact. *See* FED. R. CIV. P. 56(a). The Federal Rules expressly provide that a district court may grant summary judgment on grounds not raised by a party after giving notice and a reasonable time to respond. *See* FED. R. CIV. P. 56(f)(2). "The district court may enter summary judgment sua sponte if the parties are provided with reasonable notice and an opportunity to present argument opposing the judgment. . . . A party must be given at least ten days notice*." St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2000). Here, Plaintiffs are unquestionably entitled to judgment as a matter of law because Defendants' counterclaims are not cognizable in federal court.

Defendants' first asserted "counterclaim"—that Steen herself is responsible for any miscalculation of her wages—is simply not a cause of action. It is a defense. Plaintiffs' counsel acknowledged this at oral argument. "If a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated." FED. R. CIV. P. 8(c)(2). "The misdesignation provision in Rule 8(c) reflects the conscious attempt by the

---

[2] A motion for leave is a nondispositive matter that I may rule by order rather than a memorandum and recommendation. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).

drafters to ignore pleading technicalities; it also promotes the liberality with which courts generally construe pleadings under the federal rules." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1275 (4th ed. 2023). Defendants' first purported counterclaim—that Steen herself was responsible for any inaccuracies in her wages—cannot be construed as a cause of action under any law governing this case. Justice requires me to designate that "counterclaim" as a mere defense. "[T]here are a significant number of cases to the effect that allegations that actually constitute a defense may be treated as such even though it is erroneously denominated as a counterclaim." *Id.*; *see also Resol. Tr. Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 791–92 (9th Cir. 1993) (construing the "counterclaim" of mutual mistake as an affirmative defense); *Devs. Sur. & Indem. Co. v. Renew Maint. & Constr., Inc.*, No. 17-00495, 2018 WL 3014451, at *1 (S.D. Ala. Mar. 30, 2018) (redesignating bad faith "counterclaim" as affirmative defense). As such, I will construe Defendants' miscalculation "counterclaim" as an affirmative defense.

Defendants' second and third asserted counterclaims allege that Plaintiffs have violated §§ 9.011 and 10.001 of the Texas Civil Practice and Remedies Code. "Chapters 9 and 10 of the Texas Civil Practice and Remedies Code govern frivolous pleadings and claims, and sanctions for such pleadings and motions." *Flores v. Koster*, No. 3:11-cv-0726, 2013 WL 6153280, at *5 (N.D. Tex. Nov. 22, 2013). This court is exercising federal question jurisdiction over this case because the FLSA is a federal statute. As current Fifth Circuit Judge Irma Ramirez noted when she was a magistrate judge:

> The Fifth Circuit has not addressed whether a claim based on §§ 9.011, 9.012(c) and 10.001 may be brought in federal court. However, district courts in Texas have concluded that the sanctions provisions in the Texas Code are procedural in nature and have no application in federal court. In [*Peavy v. New Times, Inc.*, No. 3-96-cv-547, 1998 WL 548705 (N.D. Tex. Aug. 20, 1998)], the court noted that: the sanctions provisions in the Texas Code are not the appropriate source of law for this particular issue. In federal court, federal law applies to procedural matters, not state law. Rule 11 of the Federal Rules of Civil

4

Procedure addresses sanctions for frivolous claims. Matters covered by the Federal Rules of Civil Procedure are almost by definition procedural, and therefore should be applied instead of state law. Indeed the Fifth Circuit has specifically ruled that Rule 11 is procedural in nature, not substantive.

*Flores*, 2013 WL 6153280, at *5 (quotation omitted).

"Rule 11 sanctions must be sought by motion in a pending case; there can be no independent cause of action instituted for Rule 11 sanctions." *Pet Silk, Inc. v. Jackson*, No. 09-2967, 2010 WL 148145, at *2 (S.D. Tex. Jan. 14, 2010) (quoting *Cohen v. Lupo*, 927 F.2d 363, 365 (8th Cir. 1991)); *see also Port Drum Co. v. Umphrey*, 852 F.2d 148, 150 (5th Cir. 1988) ("Looking specifically at Rule 11, we find nothing that sets it apart from the other federal rules in any respect that would be deemed to confer new substantive rights."). The case law is crystal clear that §§ 9.011 and 10.001 of the Texas Civil Practice and Remedies Code are not cognizable causes of action in federal court. Thus, Plaintiffs are entitled to summary judgment on Defendants' second and third counterclaims.

## CONCLUSION

For the reasons discussed above, I **GRANT** Defendants' Motion for Leave to late file their answer and counterclaims. Additionally, I recommend that summary judgment be **GRANTED** in favor of Plaintiffs, and Defendants' counterclaims be dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 19th day of April 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE