Case 3:23-cv-00072   Document 43   Filed on 05/13/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas

**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ILDA STEEN, *et al.*, | § § § | |
| Plaintiffs. | § § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00072 |
| MAIDS IN THE USA, *et al.*, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

This Fair Labor Standards Act ("FLSA") case turns on one issue: whether Ilda Steen, Jacey Caldwell, Jaileigh Dozier, and Antonio Urias (collectively, "Plaintiffs") have met their burden to show that their janitorial work was "entwined with the continuous stream of interstate commerce" such that they qualify for coverage under the FLSA. *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1125 (5th Cir. 1979) (quotation omitted).

Plaintiffs allege they were not paid FLSA-mandated overtime wages while they were employed as custodians by Defendants Maids in the USA, Clyde Moss, and Kandra Moss. Plaintiffs filed this case to obtain those wages. But if Plaintiffs cannot show they were engaged in interstate commerce or in the production of goods for interstate commerce, the FLSA cannot provide them relief. Clyde Moss and Kandra Moss (collectively, "Defendants") have moved for summary judgment on this issue.[1] *See* Dkt. 26.

---

[1] The third defendant, Maids in the USA, has not moved for summary judgment. In an affidavit attached to Defendants' Second Motion for Summary Judgment, Defendant Clyde Moss ("Moss") swears that Maids in the USA was merely a trade name under which he did business. *See* Dkt. 26-1 at 1. If true, Maids in the USA is not a jural entity with the capacity to sue and be sued in its own name. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991) (affirming district court's dismissal of suit against "an entity with no jural existence").

## LEGAL STANDARDS

### A. SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quotations omitted). "In determining whether there is a genuine dispute as to any material fact, [I] must consider all of the evidence in the record, but [I] do not make credibility determinations or weigh the evidence." *Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). I "must view the evidence in the light most favorable to the non-moving party." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009).

### B. THE FLSA AND INTERSTATE COMMERCE

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty] hours . . . at a rate not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1). An FLSA plaintiff must show "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

At issue here is the second element—whether Plaintiffs engaged in FLSA-covered activities. "The FLSA guarantees overtime pay to employees engaged '[in commerce or] in the production of goods for commerce' ('individual coverage') or

'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Bedell*, 955 F.2d at 1032. Because Plaintiffs have abandoned their enterprise coverage theory, *see* Dkt. 22 at 1, I must decide only whether Plaintiffs qualify for FLSA protection under individual coverage.

Plaintiffs qualify for individual coverage if their "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quotation omitted). "Work that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (cleaned up). The Supreme Court has instructed judges determining whether employees are engaged in interstate commerce to "focus on the activities of the employees and not on the business of the employer." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959). Ultimately, Plaintiffs bear the burden of showing they were engaged in interstate commerce. *See Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942); *Sobrinio*, 474 F.3d at 829.

## ANALYSIS

### A.   THE PARTIES' ARGUMENTS

Defendants argue that Plaintiffs have failed to establish individual coverage. In making this argument, Defendants insist there is no evidence in the summary judgment record showing that Plaintiffs' janitorial "activities . . . are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943). Defendants' summary judgment evidence includes an affidavit from Clyde Moss, who swears that Plaintiffs performed all of their work in Matagorda and Brazoria counties in Texas for clients in those same counties. *See* Dkt. 26-1 at 2.

3

In response, Plaintiffs argue the standard for interstate commerce under an individual coverage theory is satisfied when custodians show they provided cleaning services to businesses that contribute to the stream of interstate commerce. Plaintiffs' First Amended Original Complaint states:

> Plaintiffs routinely, regularly and on a weekly basis, and as part of their employment duties with Defendants performed janitorial and commercial cleaning work in buildings and structures including but not limited to apartment complex units, beach house rentals and other short-term rental establishments that serviced out-of-state customers and clientele for the local petrochemical industries and related businesses. Furthermore, Plaintiffs regularly provided closely related and directly essential janitorial and commercial cleaning duties for businesses engaged in the production of goods in and for interstate commerce including but not limited to performing said duties in a facility that produces written residential appraisals and reports used in and for interstate commerce, performing said duties in a facility that produces mechanical engineering plans to be used in and for interstate commerce and a facility that produces filtrated water and related water filtration equipment used in and for interstate commerce and whose products are in the continuous stream of interstate commerce.

Dkt. 10 at 2–3. Plaintiffs each declare that they performed work at all the referenced businesses, with the exception of short-term rental establishments and petrochemical businesses. *See* Dkts. 28-1; 28-2; 28-3; 28-4. Because of the underlying interstate natures of these facilities, Plaintiffs argue, their cleaning work at those facilities qualifies them for individual coverage under the FLSA.

### B. FLSA CASE LAW INVOLVING CUSTODIANS

It should come as no surprise that this is not the first time a federal court has addressed whether janitorial workers are covered by the FLSA.

The Fifth Circuit confronted the same issue pending before me in *Wirtz v. B. B. Saxon Co.*, 365 F.2d 457 (5th Cir. 1966). A subset of plaintiffs—custodians seeking individual coverage under the FLSA—had regularly cleaned structures on a military base including office buildings, a gym, commissary, chapel, library, bank, and post office. *See id.* at 460. The bank and post office were unquestionably

tied to instrumentalities of interstate commerce. But the court focused on the nature of the work in question—custodial work—not the nature of the facility benefitting from plaintiffs' work: "It has been held that one who does no more than clean a bank is not so closely related to the commerce of the bank as to be a part of it. . . . We agree." *Id.* at 462. The Fifth Circuit affirmed the district court's finding that the custodians who cleaned only buildings which house instruments of interstate commerce were not individually covered under the FLSA. *See id.*

In *Sobrinio*, another Fifth Circuit FLSA overtime case, plaintiff acted as a janitor, security guard, and driver for a motel's guests. *See* 474 F.3d at 829. Consistent with its holding in *B. B. Saxon* 40 years prior, the Fifth Circuit affirmed the district court's finding that plaintiff's activities, including his custodial work, were "purely local in nature and fall outside the FLSA's protections. . . . That many of the motel guests were out-of-state does not alter the local quality of Sobrinio's work." *Id.* at 829, 830.

Directly on point is *Wagner v. J.D. Cleaning Serv., LLC*, No. 22-cv-1905, 2023 WL 7133008 (D. Colo. Oct. 30, 2023), a recent case from outside the Fifth Circuit. Plaintiff, a cleaning technician, sought overtime pay as mandated by the FLSA. Plaintiff pointed to the interstate commercial activities of his employer's clients—that is, the businesses he cleaned. *See id.* at *5. During his employment as a cleaning technician, plaintiff cleaned a used car dealership, the headquarters of an aerospace company, the headquarters of a trash company, an Amazon warehouse, and an airport. *See id.* Plaintiff argued "his work at these companies regularly placed him within the stream of interstate commerce necessary for the functioning of those businesses." *Id.* But the court disagreed, responding: "[E]mployees are not engaged in commerce when they provide services through a contract at facilities where interstate commerce activities occur." *Id.* (quotation omitted). The district court continued:

> An employee's connection to interstate commerce hinges upon the essentiality and indispensability of their work to the movement of commerce. . . . As a cleaning technician, Mr. Wagner was not directly

5

involved in the movement of commerce nor was his work directly related to an instrumentality of interstate commerce.

*Id.*

Here, Plaintiffs admit their only connection to interstate commerce is that Defendants' clients were engaged in interstate commerce. But the law is clear that Plaintiffs' work itself must be "entwined with the continuous stream of interstate commerce." *Victoria Transp.*, 603 F.2d at 1125 (quotation omitted). In other words, Plaintiffs cannot rely on the fact that they cleaned businesses that potentially impact interstate commerce. Most relevant here is the nature of the work in question: custodial work. Clean quarters are essential to the functioning of most businesses. But the janitorial work at issue here in two Texas counties is unquestionably outside of the continuous stream of interstate commerce. *See Blumenthal v. Girard Tr. Co.*, 141 F.2d 849, 851 (3d Cir. 1944) ("This plaintiff's work in cleaning and taking care of the particular tenant's quarters . . . cannot be considered a step in the tenant's mail order business."); *Steimel v. Conway Prowash, LLC*, No. 1:15-cv-599, 2016 WL 7616509, at *3 (W.D. Mich. May 31, 2016) (finding no individual FLSA coverage when plaintiff's "job duties [in providing cleaning services] were not directly involved in the movement of commerce and his work was not directly related to an instrumentality or facility of interstate commerce"). This is fatal to Plaintiffs' theory for individual coverage under the FLSA.

Plaintiffs point me to three cases purportedly supporting their argument, but those cases are inapposite.

In *Mitchell v. Dooley Bros., Inc.*, plaintiffs worked for Dooley Brothers, Inc. ("Dooley Brothers"), a business that "remove[d] rubbish, garbage, and ashes from concerns and federal agencies . . . engaged in commerce . . ., as well as from local commercial firms and private dwellings." 286 F.2d 40, 42 (1st Cir. 1960). The appellate court found those plaintiffs were entitled to individual coverage under the FLSA because Dooley Brothers' customers attested that Dooley Brothers'

6

employees collected trash anywhere from daily to three times a week. *See id.* By doing this, the customers insisted, Dooley Brothers' services were indispensable to their businesses, all of which engaged in interstate commerce. *See id.* ("Some speak of lack of space, but others state that inflammability of their waste product would create a fire hazard, and others that its perishable nature would cause accumulations to violate health regulations."). That is not the situation here. Defendants' clients have not indicated that the cleaning services provided by Defendants were essential to the *interstate* nature of their businesses. On a more basic level, the out-of-circuit holding of *Dooley Bros., Inc.* flatly contradicts the Fifth Circuit in *B. B. Saxon Co.*, which held that "one who does no more than clean a bank is not so closely related to the commerce of the bank as to be a part of it." *B. B. Saxon Co.*, 365 F.2d at 462. The First Circuit focused on the activities of the businesses that plaintiffs cleaned, as opposed to the activities of plaintiffs. This was improper. *See Lublin, McGaughy & Assocs.*, 358 U.S. at 211 ("To determine [whether employees are engaged in commerce], we focus on the activities of the employees.").

Next, in *Schultz v. Instant Handling, Inc.*, plaintiff worked for a company that operated a commercial waste and trash removal service through "the use of specially designed containers and trucks equipped with lifting devices and spraying mechanisms." 418 F.2d 1019, 1024 (5th Cir. 1969). Defendant's two major clients "shipped between 80 and 90 percent of their total production to points outside the State." *Id.* at 1022. Defendants themselves admitted that the work performed by plaintiff "was essential to the continued operation of their customers' businesses." *Id.* The Fifth Circuit found the "work clearly constituted a closely related process or occupation *directly essential to the production of goods for commerce*, and defendants' employees were therefore within the [FLSA]'s coverage." *Id.* (emphasis added) (quotation omitted). Again, that is not the case here. Although the custodial work Plaintiffs performed was important to the clients

7

they served, the summary judgment record is devoid of any evidence suggesting such work was essential to the interstate aspects of those businesses.

Finally, Plaintiffs rely on *Ghess v. Kaid*, No. 2:19-cv-21, 2020 WL 7010383 (E.D. Ark. Nov. 27, 2020). There, plaintiff worked at a food mart. *See id.* at *1. He stocked shelves; cleaned bathrooms, the cooler, and the parking lot; answered telephones; and unloaded trucks carrying stock for the food mart. *See id.* at *4–5. The district court quoted the Department of Labor Field Operations Handbook ("Handbook"),[2] as Plaintiffs do here: "[a] building maintenance or custodial employee will be considered to be individually covered if as a regular and recurring part of their duties they serve those portions of the building occupied by a tenant engaged in that location in interstate commerce or the production of goods for interstate commerce." *Id.* at *7 (quoting DEP'T OF LABOR, FIELD OPERATIONS HANDBOOK § 11b04(c) (2016)). But the Handbook goes on: "[A] janitor would not be considered covered solely on the basis of taking a few minutes each day to empty waste baskets in an 'interstate' insurance office, or because, on occasion, called upon outside their regular duties to perform some incidental cleaning task in a bank." *Ghess*, 2020 WL 7010383, at *7 (quoting DEP'T OF LABOR, FIELD OPERATIONS HANDBOOK § 11b04(c) (2016)).

The *Ghess* court found the plaintiff satisfied individual coverage under the FLSA while relying on plaintiff's answering of telephones and unloading of trucks, which are both instrumentalities of interstate commerce and were essential to the functioning of the food mart. In contrast, Plaintiffs here point to no evidence that they used instrumentalities of interstate commerce that were essential to the functioning of the businesses they cleaned.

---

[2] I may consider the Handbook merely for its persuasive effect; it is not binding law. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 n.6 (5th Cir. 2010) ("The rulings, interpretations and opinions of the agency, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)) (cleaned up)).

### C. PLAINTIFFS' BURDEN

Plaintiffs bear the burden of identifying specific evidence in the record showing they were engaged in commerce or engaged in the production of goods for commerce for the purposes of the FLSA. The case law discussed above resoundingly shows that individual FLSA coverage does not exist simply because janitorial workers clean facilities of businesses involved in interstate commerce. There has to be more. But Plaintiffs offer no evidence that would allow me to conclude they were involved in the movement of commerce, or that their work was directly related to the instrumentalities of interstate commerce. Indeed, Plaintiffs' declarations offer few details as to what exactly they did, other than the conclusory assertion contained in each declaration that they "provided closely related and directly essential janitorial and commercial cleaning duties for businesses engaged in the production of goods in and for interstate commerce." Dkts. 28-1; 28-2; 28-3; 28-4. Because Plaintiffs have not carried their burden to establish that they qualify for individual coverage, summary judgment should be granted in favor of Defendants.

### D. MAIDS IN THE USA

As noted, Maids in the USA has not moved for summary judgment. Even so, "it is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770–71 (5th Cir. 2000) (quotation omitted).

Moss has provided sworn testimony that Maids in the USA is merely the name under which he did business. *See* Dkt. 26-1 at 1. Plaintiffs have not addressed this assertion of fact. It thus appears undisputed that Maids in the USA is just a trade name and not an entity capable of being sued. At most, Plaintiffs' suit against Maids in the USA is synonymous with Plaintiffs' suit against Moss. As discussed, Moss is entitled to summary judgment because Plaintiffs are unable to show that

they qualify for coverage under the FLSA. Thus, I sua sponte recommend the court enter summary judgment in favor of Maids in the USA.

If Plaintiffs disagree with this recommendation, they have 14 days—that is, until objections to my Memorandum and Recommendation are due—to explain in writing why (1) Maids in the USA is an entity capable of being sued in its own name, (2) distinct from Moss, and (3) not entitled to summary judgment.

## CONCLUSION

For the reasons explained above, I recommend Defendants' Second Motion for Summary Judgment (Dkt. 26) be **GRANTED**. This case should be dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 13th day of May 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE